CASE 2—INDICTMENT—JAN. 6.

# Commonwealth v. Hawkins.

11b 603
91  594
11b 603
96  424
11bu603
106  527

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. STRIKING AND WOUNDING WITH A BLACKSMITH'S TONGS AN ASSAULT AND BATTERY.—An indictment charging that the defendant "did in sudden heat and passion, without previous malice and not in self-defense, *strike* and wound G. with a pair of blacksmith's tongs, which said tongs was then and there a deadly weapon," is good only as an indictment for an assault and battery. It does not state facts constituting an offense within sec. 1, art. 17, chap. 29, General Statutes. That section only applies to wounds inflicted by shooting, or by cutting, thrusting, or stabbing with a knife, dirk, sword, or other deadly weapon, and does not embrace a *wounding* such as is charged above.

2. A FORMER CONVICTION FOR A BREACH OF THE PEACE IS A BAR TO A SUBSEQUENT PROSECUTION FOR AN ASSAULT AND BATTERY, committed in the breach of the peace for which the defendant had been fined.

   The breach of the peace being included in the assault and battery, the defendant could not be convicted of the assault and battery without being also convicted of the breach of the peace.

THOS. E. MOSS, Attorney General,   . . .   For Appellant,

CITED

General Statutes, chap. 29, art. 17, sec. 1.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The indictment in this case charged that the appellee " did, in sudden heat and passion, without previous malice, and not in self-defense, *strike* and wound George Gregory with a pair of blacksmith's tongs, which said tongs was then and there a deadly weapon."

The appellee, in a plea of former conviction, alleged that he had been arrested and tried and convicted before a justice for a breach of the peace, committed by fighting with George

Gregory, and had paid the fine assessed against him, and that said conviction was for the identical acts charged in the indictment.

A demurrer to the plea having been overruled, the commonwealth confessed the facts stated therein, and the indictment was dismissed, and this appeal is prosecuted to obtain a reversal of that judgment.

The indictment does not state facts constituting an offense within section 1, article 17, chapter 29 of the General Statutes. That section only applies to wounds inflicted by shooting, or by *cutting, thrusting, or stabbing* with a knife, dirk, sword, or other deadly weapon, and does not embrace a *wounding* such as is charged in this case.

The indictment was therefore good only as an indictment for an assault and battery, and the question is whether a conviction for a breach of the peace is a bar to a subsequent prosecution for an assault and battery constituting a part of the transaction?

This question came before this court in 1837 in The Commonwealth v. Miller (5 Dana, 370), and it was then held, though not without some hesitation, that conviction for a breach of the peace, unless obtained by the fraud or collusion of the party pleading, was a bar to an indictment for an assault and battery committed in the breach of the peace for which the defendant had been fined.

Since that time the subject has been repeatedly passed upon by courts of last resort, both in this country and England, and we think the decided weight of authority is in accord with the former decision of this court.

The breach of the peace for which the appellee was tried is a distinct offense from that of assault and battery for which he was indicted, but was embraced in the latter because there can not be an assault and battery without a breach of the peace.

The breach of the peace being included in the assault and

battery, it is impossible that the appellee should be convicted of assault and battery without being also convicted of the breach of the peace; and thus, as he has already been found guilty of a breach of the peace, he would be in jeopardy a second time for the same offense—*i. e.*, for breach of the peace—and if convicted and punished he would be twice punished for one offense, which is repugnant to both the common law and our own written constitution.   (1 Bish. Cr. Law, sec. 683.)

Judgment affirmed.