*A. T. Wood,* for appellant.

*P. W. Hardin,* for appellee.

---

SAMUEL HEAD *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—824.]

**Criminal Law—Cutting with Intent to Kill.**

An instruction is erroneous which informs the jury that if the accused wilfully and maliciously cut and wounded the prosecuting witness with a knife they should find him guilty, in a case where the accused was charged with cutting with intent to kill, for it is not a felony unless the cutting was with the intent to kill and the

charge to the jury said nothing about intent with which the cutting was done.

## APPEAL FROM MARION CIRCUIT COURT.

. March 8, 1883.

OPINION BY JUDGE HARGIS:

The appellant was indicted, tried and convicted of the offense of wilful and malicious cutting and wounding with intent to kill, and sentenced to the penitentiary for the period of one year. From this sentence he appealed.

The serious error committed against his substantial rights was in giving the first instruction, by which the jury were told if the appellant wilfully and maliciously cut and wounded James A. Wathen with a knife, etc., they should find him guilty, etc. The acts set forth in the instruction did not constitute the statutory offense with which appellant was charged. It is a felony under our statute (Gen. Stat. [1881] Ch. 29, Art. 6, Sec. 2) to wilfully and maliciously cut or stab another with intent to kill, but it is not a felony to wilfully and maliciously cut or stab without such intent where death does not ensue; hence the instruction ought to have contained the additional words "with intent to kill" or their equivalent. The jury were authorized to find appellant guilty of a felony on facts which constituted a misdemeanor only, and which did not constitute the offense for which he was indicted.

For these reasons the instruction was erroneous and the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*Cooper, McChord & Thomas, for appellant.*

. *P. W. Hardin, for appellee.*

[Cited, *Bailey v. Commonwealth*, 24 Ky. L. 1114, 70 S. W. 838.]