## Johnson v. Commonwealth.

(Decided June 16, 1911.)

### Appeal from Fayette Circuit Court.

Gaming—Operating Gaming Machine—Question for Jury—Appellant
was indicted for operating a game of chance or contrivance known
as a bird cage, and on the trial was found guilty and given an
indeterminate sentence in the penitentiary. Held, that the court
should have told the jury that if they believed from the evidence
that the bird cage was a machine or contrivance used for gam-
bling, and that it was operated by the accused, then they should
find him guilty.

W. P. KIMBALL and D. C. HUNTER for appellant.

JOHN R. ALLEN, JAMES BREATHITT, Attorney General, and
CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

S. N. Johnson was indicted in the Fayette Circuit
Court for setting up and operating a game of chance or
contrivance known as a bird cage. Upon a trial he was
found guilty and given an indeterminate sentence in the
penitentiary. Conceiving that the court erred to his
prejudice in the admission of evidence and failed to
properly instruct the jury, he prosecutes this appeal and
seeks a reversal.

The indictment charged that the accused operated a
gambling device known as a bird cage. Upon the trial
several of the witnesses for the Commonwealth testified
that they visited the room over the Equity Saloon, in
the city of Lexington, where the bird cage was charged
to have been operated by the accused, and that there were
in this room several other gambling devices, such as a
crap table, roulette wheel, and Klondike. Evidence of
these other alleged gambling devices was admitted over
the objection of appellant's counsel, and the witnesses
were permitted to describe the manner in which these
various gambling games were conducted. This testi-
mony was likewise objected to. After all of this testi-
mony had been given the court told the jury that evi-
dence of this character could only be received as evi-

dence in so far as it tended to show that the accused had operated the bird cage.

This testimony was neither relevant nor competent. It in no wise tended to illustrate or show that the accused had operated the bird cage. The fact that these other machines or contrivances were in the room might have been received as evidence that the room was being used for gambling purposes; but the accused was not charged with conducting, owning or controlling a room in which gambling was being carried on. The single charge was that he operated a bird cage. The evidence should have been confined to establishing this charge.

Again, over the protest and objection of appellant's counsel, the Commonwealth was permitted to prove that the accused had settled and adjusted a claim against him set up in a civil suit for a large sum of money alleged to have been lost to him in a game of chance. This was clearly incompetent. It was not charged that the money had been lost on the bird cage game, or any particular game, but simply that it had been lost on a game of chance. The man who is alleged to have lost the money did not testify at all, but his attorney was permitted to testify that his client had told him that he had lost the money, and that after suit had been instituted for it he had settled and adjusted the claim with appellant by appellant paying him $700. This evidence was clearly incompetent and highly prejudicial.

In instruction No. 1, the court told the jury that a bird cage was a gambling device, and of this appellant complains. Counsel for the Commonwealth confess the error of the court in this particular, but insist that this defect in instruction No. 1 was cured by instruction No. 2, in which the court told the jury that they could not find the accused guilty unless they believed from the evidence that the machine known as a bird cage was a gambling device. Before the jury could find the accused guilty two things had to be established: First, that the bird cage was a gambling device, and second, that the accused operated it. The average juror has a high regard for the opinion of the judge, and when in instruction No. 1 he told the jury that a bird cage was a gambling device, he created an impression upon the minds of the jurors which may have exercised a controlling influence over them in reaching their conclusion that the machine

was a gambling device. In the absence of this statement on the part of the judge they may not have regarded the evidence sufficient to warrant their so finding. At all events, this is a matter about which we are unwilling to speculate. The jury had before them the evidence of the witnesses bearing upon this question, and also the opinion of the court, and as the finding was in accord with the court's opinion as expressed in instruction No, 1, it is fair to presume that this instruction exercised an appreciable influence over their minds in reaching their verdict of guilty. The court should have told the jury in instruction No. 1 that if they believed from the evidence that the bird cage was a machine or contrivance used for gambling, etc., and that it was operated by the accused, then they should find him guilty.

Other instructions are criticised, but they are unobjectionable. Because of the errors indicated the judgment is reversed and cause remanded for further proceedings consistent herewith.