## Lewis v. Commonwealth.

(Decided December 9, 1913).

### Appeal from Bullitt Circuit Court.

Criminal Law—Malicious Wounding With Intent to Kill—Indictment —Instructions.—In a trial under an indictment for malicious cutting, based on section 1166 of the Kentucky Statutes, the jury were properly instructed under that section, and also under section 1242 of the Statute as a lower degree of the offense, but the defendant was not entitled to an instruction for assault and battery. While the cutting with a knife was an assault and battery, such an assault and battery is punished by statute, and those statutes punishing it are sections 1166 and 1242, and no instructions other than those given are necessary.

BEN CHAPEZE for appellant.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was indicted and convicted for willfully and maliciously cutting one John Burris with a knife, a deadly weapon, with intention to kill Burris, but from which he did not die. The proof showed that appellant did the cutting, and that he was guilty as charged unless the act was done in self-defense, and that was his defense upon the trial. The indictment was based upon section 1166, of the Kentucky Statutes, which denounces as a felony a malicious wounding of another with intent to kill by either shooting, cutting, striking, or stabbing. The court instructed the jury under this section, and also for cutting in sudden affray under section 1242 of the statute as a lower degree of the offense. They were also instructed to find him guilty of cutting in sudden affray, that being a lower degree, if they had a reasonable doubt as to whether he did the cutting maliciously, or in sudden affray. They were also given an instruction on self-defense, and one on reasonable doubt. The appellant complains that an assault and battery is also a lower de-

gree of malicious cutting, and that it was error of the court in failing to instruct the jury that they might find him guilty only of assault and battery.

For the Commonwealth it is contended that a cutting in sudden affray as denounced in section 1242 is the only lower degree of malicious cutting. Section 1242 does not use the word "strike," as in section 1166. In the case of Sosh v. Commonwealth, 4 Ky. L. R., 254, where the offense was for striking and wounding with a wooden club, and in the case of Commonwealth v. Hawkins, 11 Bush, 603, where the offense was for striking and wounding with a blacksmith's tongs, it was held that an assault and battery was a lower degree of the offense charged, and that an instruction on that offense was proper because the offense of maliciously *striking* was charged as provided in section 1166.

If there had been evidence to show that the only offense committed by appellant was the mere striking of Burris, then he would have been entitled to an instruction on assault and battery as a lower degree of the offense charged, as well as an instruction under section 1242 for cutting in sudden affray. Since he was indicted for malicious cutting, then whatever offense he was guilty of was for malicious cutting, or for cutting in sudden affray. True, to cut Burris with a knife was an assault and battery upon him, but for such an assault and battery the punishment is by statute, and those statutes punishing it are sections 1166 and 1242, and no instructions other than those given by the court are necessary.

Being of opinion that the action of the lower court was proper, and without error, the judgment is affirmed.