## Burgess v. Commonwealth.

(Decided June 12, 1917.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Deadly Weapon—What Is.—Any club, stick or instrument with which a person strikes another comes within the definition of a deadly weapon if, as applied to the facts of the case under investigation, the jury believes beyond a reasonable doubt it was such a weapon as was reasonably calculated to produce death or great bodily harm; and so a piece of round iron, about ¾ of a inch in diameter, with a hook on one end and a handle on the other may be a deadly weapon.

2. Criminal Law—Striking Another With Deadly Weapon—Degrees of Offense—Instructions.—Where the accused was indicted under section 1166 of the Kentucky Statutes for striking another with a deadly weapon, he could not be convicted under section 1242 of the Kentucky Statutes, as this section does not embrace the offense of striking another with a deadly weapon; and so an instruction under section 1242 was error. But if the indictment under

section 1166 had been for cutting, striking or stabbing, then it would have been proper to instruct the jury that they might find a verdict under section 1242, because as to these offenses section 1242 describes the penalty for a lower degree of the offenses described in section 1166.

3. Criminal Law—Malicious Striking—Assault and Battery—Degrees of—Instructions.—Where an indictment is found under section 1166 for striking another with a deadly weapon, the jury should be instructed that they might find the defendant guilty of the offense of assault and battery, as this is a degree of the offense of striking another with a deadly weapon described in section 1166.

ROBT. E. LEE MURPHY for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Wesley Burgess was indicted in the Fayette circuit court charged with the offense of unlawfully, maliciously and feloniously striking and wounding Newton Elliott "with a tobacco hook, a deadly weapon, with the felonious and malicious intent to kill him, but from which striking and wounding death did not ensue."

On a trial of the case Burgess was found guilty by the jury "of striking in sudden affray or sudden heat and passion" and his punishment fixed at a fine of one hundred dollars and twelve months' confinement in the county workhouse at hard labor. From the judgment on this verdict Burgess appeals.

The indictment was sufficient, and the court did not commit error in admitting or rejecting evidence, or in refusing to direct the jury to find a verdict for the defendant. Neither was the sentence too heavy considering the nature of the offense, as there was evidence to show that Burgess, without excuse or provocation, struck the prosecuting witness, Newton Elliott, in the mouth and face with a piece of round iron about three-fourths of an inch in diameter, with a sharp pointed hook on one end and a handle on the other. The length of the hook is not disclosed in the evidence, but we may presume that it was at least ten or twelve inches long. The blow was hard enough to cut the lips of Elliott, cut a hole in his tongue and knock two of his teeth out, as the result of which he was obliged to stay in a hospital for about nine days.

Nor did the court commit error in instructing the jury "that if they believed beyond a reasonable doubt that

the tobacco hook with which the defendant struck and wounded Newton Elliott, if he did so strike and wound him, was such an instrument as was reasonably calculated to produce death when used by a person of defendant's physical strength and in the manner in which it was used by him on the occasion in question, they will, in that event, be authorized to find that said tobacco hook was a deadly weapon within the meaning of the law''; as it has been often decided that any kind of an instrument with which a person strikes another comes within the definition of a deadly weapon if, as applied to the facts of the case under investigation, the jury believe beyond a reasonable doubt it was such a weapon as was reasonably calculated to produce death or great bodily harm; for example, an ax (Wilson v. Com., 3 Bush 105) or a chisel (Com. v. Branham, 8 Bush 387), or a pair of blacksmith's tongs (Com. v. Hawkins, 11 Bush 603), or a rock (Com. v. Duncan, 91 Ky. 592), or a club or stick (Honaker v. Com., 25 Ky. L. R. 675).

But when we come to consider the other instructions a more serious question is presented. The indictment was found under section 1166 of the Kentucky Statutes, providing, in part, ''If any person . . . shall willfully and maliciously cut, strike or stab another with a knife, sword or other deadly weapon, with intention to kill, if the person so stabbed, cut or bruised die not thereby . . . . he . . . shall be confined in the penitentiary not less than one nor more than five years''; and the court properly instructed the jury under this statute.

Section 1242 of the statutes provides, in part, ''If any person shall, in a sudden affray, or in sudden heat and passion, without previous malice, and not in self-defense, . . . cut, thrust or stab any other person with a knife, dirk, sword or other deadly weapon, without killing such person, he shall be fined not less than fifty nor more than five hundred dollars, or confined in the jail not less than six months nor more than one year, or both, in the discretion of a jury''; and the court instructed the jury under this statute, and it was under this instruction that the jury found the defendant guilty and fixed his punishment.

In giving an instruction under section 1242 the trial judge was evidently of the opinion that the offenses described in that section are degrees of the offenses described in section 1166, and that the offense of which the evidence shows Burgess to be guilty was included in

the offenses described in section 1242, and therefore a degree of the offenses described in section 1166. But in this the court committed error, because it has been held in more than one case that *striking* another with a deadly weapon is not one of the offenses included in section 1242, and therefore it could not be a degree of the offenses described in section 1166.  ·

It will be noticed that so much of section 1166 as is applicable to this case uses the words ''cut, *strike* or stab another with a knife, sword or other deadly weapon,'' while in section 1242 the words used are ''cut, thrust or stab any other person with a knife, dirk, sword or other deadly weapon.'' The word ''strike'' is not in section 1242; and so under this section a person could not be convicted of the offense of ''striking'' another with a deadly weapon. Erwin v. Com., 96 Ky. 422; Riggs v. Com., 17 Ky. L. R. 1015; McWilliams v. Com., 18 Ky. L. R. 92; Com. v. Heath, 99 Ky. 182.

It of course necessarily follows that if a person could not be indicted under section 1242 for striking another with a deadly weapon, he could not be convicted under it of striking another with a deadly weapon under an indictment found under section 1166, which authorizes a conviction for striking another with a deadly weapon. If a person was indicted under section 1166 charged with the offense of cutting, thrusting or stabbing another with a knife, sword or other deadly weapon, he could be convicted under section 1242, if the evidence showed him to be guilty under this section and not under section 1166, because cutting, thrusting and stabbing are among the offenses described in section 1242.

We might here stop a moment to remark that the omission of the word ''strike'' from section 1242 was evidently an inadvertence on the part of the legislature. It was plainly intended that section 1242 should describe the same class of offenses that were described in section 1166, and that the defendant who was indicted under section 1166 might be found guilty of the lesser offenses described in section 1242, but by oversight the word ''strike'' was left out of section 1242.

The giving of an instruction advising the jury that they might find the defendant guilty under section 1242 was prejudicial error, because he was found guilty under the instruction based on this section, when, as we have endeavored to point out, he had not committed any offense described in this section.

Another objection urged by counsel for Burgess that appears meritorious is the failure of the court to instruct the jury on the subject of assault and battery. It was held in the Erwin, Heath, McWilliams and Riggs cases, *supra*, that where an indictment was found under section 1166, and the evidence showed that the accused was guilty of striking another with a deadly weapon, as in this case, the court should instruct the jury that they might find the defendant guilty of the offense of assault and battery, as this offense was a degree of the offense of striking another with a deadly weapon described in section 1166.

It follows from what we have said that the judgment must be reversed, with directions for a new trial in conformity with this opinion.