## Alexander v. Commonwealth.

(Decided November 9, 1926.)

### Appeal from Lewis Circuit Court.

1. Criminal Law.—Admission of incompetent evidence as to nature of deadly weapon is no ground for reversal, where conviction was only for assault and battery.

2. Criminal Law.—Testimony as to statement by companion, acting with assailant at time of assault, is admissible as part of res gestae.

3. Witnesses—Testimony of State's Witness that He Did Not Know Assailant's Companion Held Not Subject to be Impeached. —Where state's witness testified he did not know assailant's companion, testimony that he had stated his identity to a third party was inadmissible since contradicting witness on collateral matter.

4. Criminal Law—Witnesses.—Acts and declarations of defendant are competent to show motive or identity, and recalling defendant, after she had testified, to lay foundation for state's rebuttal, held not error.

5. Criminal Law.—Defendant, when convicted only of assault and battery, cannot complain of felony charge.

6. Assault and Battery.—Instruction held to sufficiently define assault and battery, of which defendant was convicted, though elements were not separately stated.

7. Criminal Law—Confining Argument to 30 Minutes on a Side in Prosecution for Assault to Kill, Involving Mainly Assailant's Identity, Held Not Error.—Where evidence in prosecution for assault to kill case was not very long nor involved, and the only real issue was assailant's identity, confining argument to thirty minutes on a side was not error.

ALLEN D. COLE and NORMAN W. BOWMAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Adalaid Alexander, was indicted in the Lewis circuit court of the crime of maliciously striking and wounding another with intention to kill her and was convicted of the offense of assault and battery included in the charge in the indictment, and her punishment fixed at a fine of $250.00 and a jail sentence of thirty (30) days. She appeals, relying upon fifteen separate grounds for a reversal of the judgment. The chief witness was Mrs. Addie Redden. Both parties lived in the little town of Concord, in Lewis county. According to the evidence for the Commonwealth, which is not disputed in any material part, Mrs. Redden and some other women of the village had been to the home of Mr. Murphy in that town and were returning home about 8:15 o'clock that night when some one, dressed in overalls and a cap, suddenly appeared in the path of Mrs. Redden and exclaimed, "Look here, Add Redden," and immediately struck Mrs. Redden on the head and body with a club, inflicting a severe wound which bled profusely. The club which

was exhibited to the court was about two feet long and about two inches thick at one end and about an inch and a half at the other end, and of black locust. One or two witnesses testified that a club of that size and character was a deadly weapon. But this is wholly unimportant, even if not properly qualified, and, therefore, improperly admitted because appellant was not convicted of a felony but only of a misdemeanor.

Appellant's defense was an *alibi*. She testified that she was not present at the time Mrs. Redden was assaulted and struck and did not know anything about how it happened; that she was at home with her family and some neighbors and did not leave the house that night. In this she was supported by the evidence of her father, son-in-law and some other persons who testified that they were at the home of appellant from about six o'clock or seven o'clock in the evening until about nine o'clock at night, and that she did not leave the house during that time, a period covering the time of the assault. Appellant admitted, however, that she did not like Mrs. Redden and that there was some bad feelings between them. In the party with Mrs. Redden at the time of the assault were two or three women and two boys. Mr. Murphy, at whose house Mrs. Redden had been immediately before the assault, testified that he came out of the house with Mrs. Redden and was yet in the yard near the gate at the time of the assault and saw and heard what took place. Mrs. Redden testified positively that her assailant was appellant, Alexander; that she had known her for many years and was acquainted with her voice; that she recognized her face and voice and knew positively it was Mrs. Alexander. With Mrs. Alexander at the time of the assault was a man whom no one claims to have recognized. However, when Mrs. Alexander appeared the man stepped out with a pistol in hand, aided by a flashlight, and directed Mr. Murphy, who ran up at the time of the assault, to stand back. This man, whoever he was, was acting in conjunction with the assailant, if it were Mrs. Alexander. Mrs. Mary Poole, who was with Mrs. Redden, testified that the assailant was Mrs. Alexander. Mrs. Carlos Bloom was called for the Commonwealth and stated she was a daughter of Mrs. Redden, and testified that the assailant was Mrs. Alexander. Two or three other persons testified, in substance, the same, all identifying Mrs. Alexander as the assailant. All the witnesses

agree the assault was wholly unprovoked and that the assailant was accompanied by a man who carried a pistol and flashlight, but no one attempted to identify the man, who was somewhat further away and who kept his flashlight turned in the eyes of the witness.

The only question with which the trial court was concerned was who was the assailant, because there was no attempt to justify the assault. The first of appellant's fifteen grounds for a reversal is the admission of incompetent evidence offered by the plaintiff. Dr. Lisle, a witness, was asked about whether the club was a deadly weapon. As the indictment accused appellant of maliciously striking and wounding another with a deadly weapon with intention to kill, it was necessary in order to make out a felony to prove the striking was done with a deadly weapon. Dr. Lisle stated that the club was a deadly weapon, but the question was not well put and his answer was rather a conclusion and did not make plain that the club was a deadly weapon when used by a person of the size and strength of Mrs. Alexander. That, however, is wholly unimportant upon this appeal, since Mrs. Alexander was convicted merely of an assault and battery, which leaves out of consideration the question of deadly weapon. Appellant also objected to the question, "What, if anything, did the man that flashed the flashlight on you say?" on the ground that there was no charge of conspiracy. All the facts showed that the assailant and the man with the flashlight were acting together in a common purpose, but aside from that what was said at the time the assault was committed was a part of the *res gestae,* and provable. It could not have prejudiced the rights of appellant in any way, especially when her *alibi* was well substantiated. These objections, therefore, are without foundation.

The next objection is also directed at the exclusion of evidence. S. J. Murphy was called as a witness for the Commonwealth. He is the man at whose house Mrs. Redden and the other women had been visiting shortly before the assault. The defendant sought to prove that the witness, Murphy, had stated some time after the difficulty that the man who accompanied the assailant was Cobb Baker, whereas he testified that he did not know the man and was unable to identify him, all of which was offered for the purpose of contradicting the witness, Murphy. When the question was asked Murphy as to

whether he made the statement, he denied it, and the witness was called to show that he had made such statement shortly after the assault. The court excluded the evidence from the jury because it was not a part of the *res gestae,* and this is the grounds of appellant's complaint. Murphy did not testify who the man was with the flashlight, nor as to who struck Mrs. Redden. It was purely a collateral matter, having little relevancy, if any at all, to the trial, and to contradict a witness upon a collateral matter is never permissible, and we do not think the trial court was in error in excluding this evidence.

A similar objection was made to the exclusion of other evidence of Murphy, but it was not prejudicial error.

After appellant had offered herself as a witness and had testified, she was recalled by the Commonwealth for the purpose of laying grounds for contradiction. She was asked, in substance, whether or not on a certain afternoon in January, 1926, she called Mrs. McGill to her home and said to her, in substance, "that she knew she was facing the penitentiary; that she would not say and did not say whether she did or did not commit the assault, but that her shoulders were broad and she was willing to take what the court gave her; that she knew it would cost her a lot of money," to which she answered that she did not make the statement in exactly that way. Mrs. McGill was then called and qualified and stated that appellant did make the statements, in substance, as stated above. And being further questioned she said the statement was made with reference to the difficulty between Mrs. Redden and Mrs. Alexander on January 5th, of which appellant makes much complaint, insisting she was wrongfully forced to take the stand against herself under the guise of laying foundation for rebuttal testimony and was compelled to introduce evidence to contradict that offered by the Commonwealth as rebuttal. The acts and declarations of a defendant in a criminal case are always competent against him if they show motive for the crime or throw light upon the question of who committed the crime, and may be introduced by the Commonwealth in chief, but it is not incumbent upon the Commonwealth to always introduce all scraps of evidence of this character in chief, but it may, when the defendant goes upon the stand, lay the foundation for rebuttal, and thus bring in the contradiction. There was no violation

of the rule in this case. Certainly no substantial error was committed by the court in allowing the Commonwealth to recall the appellant and lay the grounds for contradiction and contradict her in the manner it was done in this case.

Points four, five, six and seven relate to other alleged errors in the introduction of testimony, but none of them is well taken, or at all material. Complaint seven relates to the instructions of the court to the jury. In brief of counsel it is said: "This court reaffirmed, in the case of Burgess v. Commonwealth, 176 Ky. 326, the well settled rule that in an action of this kind it is the duty of the court to instruct the jury on the subject of assault and battery, and, therefore, to give the whole law of the subject, but in this case the court wholly refused to define the common law offense of assault and battery."

The first instruction given by the court to the jury was upon the law of felony, maliciously striking another with a deadly weapon with intention to kill. Appellant was not convicted under that instruction, and, therefore, does not and could not well complain of it.

The second instruction directed the jury that "if it should find and believe from the evidence to the exclusion of a reasonable doubt that the defendant, Addie Alexander, had been proven guilty but not of a felony, described and defined in instruction No. 1, but believe from the evidence beyond a reasonable doubt that she, in Lewis county, Kentucky, and within twelve months before the 23rd of February, 1926, did wilfully and maliciously assault, strike, and beat Addie Redden with a club over her head or body, or both, not in her necessary self-defense, then the jury ought to find her guilty of assault and battery, which is an offense included within the scope of the indictment, and fix her punishment at a fine in the discretion of the jury and by imprisonment in the county jail, in the discretion of the jury." While the court does not separately set out and define "assault and battery," it did set out all the elements of the offense in the instructions and submitted to the jury the question whether the evidence proved that the defendant had within twelve months before the finding of the indictment wilfully and maliciously struck and beat Addie Redden with a club over her head and body, not in her necessary self-defense. If she did so she was guilty of assault and bat-

tery.   A better definition could hardly be given.   The court very concisely and properly instructed the jury.

Complaint number eight relates to the limitation of argument by counsel to the jury, fixed by the court. The evidence was not very long or involved.   The only question really for discussion was whether the evidence showed the defendant to have been the assailant, or whether the evidence supported her *alibi?*   All the other collateral matter was of little consequence.   The court confined the argument to thirty minutes on a side.   One can hardly see how more than thirty minutes on a side could have been profitably employed by counsel in the argument of the case without the indulgence of many repetitions.   Perhaps there is more valuable time wasted in the courthouse in over-argument of cases than in any other way, or in any other calling.

Some complaint is also made of the remarks of the trial judge during the progress of the trial, but no remark of the judge is pointed out which is of sufficient importance to justify an examination of it in this opinion. Upon the whole it would seem that the appellant received a fair and impartial trial.

Judgment affirmed.