## Benge v. Commonwealth.

(Decided March 22, 1935.)

MURRAY L. BROWN for appellant.

BAILEY P. WOOTTON, Attorney General, **and RAY L. MUR-PHY**, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At a trial of an indictment in the Clay circuit court accusing him, Bill Short, and Ed Benge of the crime of barn burning, the appellant and defendant below, Shafter Benge, was convicted and punished by confinement in the penitentiary for two years. On this appeal by him his counsel argues a number of grounds for reversal, among which are: (1) That the evidence is insufficient to support the verdict and his motion for a peremptory acquittal should have been sustained; and (2) error in the instructions of the court—both of which we conclude are meritorious. The facts developed by the commonwealth's testimony were less conducive to the establishment of defendant's guilt than those appearing in the case of Short v. Commonwealth, 251 Ky 819, 66 S. W. (2d) 33, 36, and in which we held that the requested peremptory instruction for acquittal of the defendant therein should have been given. The same defendants were accused in that indictment; the charge there was the malicious and felonious burning by them of the barn of one J. C. Foutz in Clay county, Ky., while this indictment accuses them of burning in the same way the barn of P. N. House. The owners of the two barns lived in the same immediate neighborhood and in which also resided defendants in both indictments.

Ed Benge, the father of appellant in this case, owned a mule. His son and appellant, Shafter Benge, resided with him. The latter and Bill Short rode the mule around in the neighborhood visiting various persons and places on the day before the barn of House was burned, and the record in the Short Case discloses

the same activities on their part. But whether the two fires occurred the same night or not is not made clear by this record. The witnesses stated that the Foutz barn was burned before the burning of the House one; but our opinion in the Short Case says that the Foutz barn was burned on the 27th day of April, 1932, while this record shows that House's barn was burned on April 11, prior thereto. It occurred between 10 and 11 o'clock at night, and the only evidence offered or introduced by the commonwealth was the proving of some mule tracks passing by and going from the vicinity of the burned barn to the residence of Short and from thence to the Benge residence. But, even if those tracks had been made by the mule of Ed Benge, it would by no means follow that it was ridden by any of the defendants on the felonious mission of burning the barn of Mr. House, or that any other rider of it was so engaged. The reason for that conclusion is that some of the same witnesses who testified to the mule tracks, as well as others, also testified to the fact that Shafter Benge and Bill Short traveled the same route while riding the mule over which the tracks were discovered on the late afternoon of the day upon which the barn was burned that night, and no one attempted to connect them with the commission of the offense while on that trip, in the making of which the proven tracks were no doubt made.

The burned barn was equipped with some kind of lighting apparatus whereby light currents were produced and conveyed throughout the barn by a system of equipped wires from which the fire might have originated. There was no motive whatever attempted to be proven for the commission of the crime by any of the defendants in the indictment. On the contrary, so far as this record shows, a neighborly feeling existed between the owner of the barn and the three accused persons. To sustain this conviction would require us, as said in the Short Case, to rest it "entirely on suspicion, surmise, and supposition," but which, as was also said in that opinion, "is utterly insufficient to create a well-founded suspicion of his [defendant's] guilt." That conclusion requires no elaboration, since this and all other courts have repeatedly declared that a conviction must be supported by some tangible proof having a tendency to convince, and it cannot be sustained

on a vague suspicion or surmise, but which latter is all that the testimony of the commonwealth in this case produced.

Moreover, a reversal is compelled because of a fatal error contained in instruction No. 1, given by the court to the jury, the first part of which properly submitted the guilt or innocence of defendant as a principal in the commission of the crime, and the second part of which attempted to submit his guilt as an aider and abettor of Short, if the jury believe beyond a reasonable doubt that the latter was the one who actually set fire to the barn and that appellant was present and aided and abetted him in doing so. But in authorizing a conviction of appellant as an aider and abettor the instruction says: "And shall further believe from the evidence, (not beyond a reasonable doubt) that the said Shafter Benge was present at the time, and near enough to do so, and that he did wilfully and maliciously aid, assist, counsel, encourage or advise the setting fire to and burning of the said barn," etc. It will be observed that the court did not require in that submission that the jury should believe from the evidence "beyond a reasonable doubt" that the appellant was guilty of such aiding and abetting as would require a conviction. Under that instruction the jury may have believed beyond a reasonable doubt that Short actually set fire to the burned barn, but, before defendant could be convicted as an aider and abettor of him in doing so, it should have been required to believe "beyond a reasonable doubt" that he so aided and abetted—but which was not required by the instruction as framed and given.

For the reasons indicated, the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.