## Delph et al. v. Commonwealth.

Oct. 30, 1945.

W. R. Henry for appellants.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellants were jointly charged with the crime of willfully and maliciously striking Ed Walters with a gun, a deadly weapon, with intent to kill, etc. The indictment was drawn under KRS 435.170(2), which was followed in its preparation. It provides a penalty of from two to twenty-one years confinement in the penitentiary for "any person who * * * willfully and maliciously cuts, strikes or stabs another with a knife or *other deadly weapon* with intent to kill, if the person stabbed, cut or bruised does not die from the wound."

In joint trial both defendants were found guilty, the jury inflicting a penalty of five years confinement upon each. Judgment was entered accordingly, motion for new trial overruled and both appeal. While the motion was fortified by five or more grounds, it is only contended here that the court committed substantial error in the instructions given, and in failing to give the whole law of the case.

The proof is that on the night of February 5, 1945, Walters, a man past sixty years of age, was preparing to retire when he heard some one call from the outside of the house. He picked up a flashlight and went out to the fence in front of his home, where he found the two appellants, both armed with pistols, in company with other young men. When he flashed his light in Delph's face Delph cursed him and demanded that he take the light out of his face. Walters said he merely wanted to find out who they were and meant no offense. Other words passed, and finally, according to Walters, Delph grabbed him; thrust a pistol at his chest and threatened to shoot him. He then struck him over the head with the pistol. Alsip then took part and began striking him with his pistol; Walters was knocked down and by one or the other, or both, dragged through a hole in the fence. That Walters was severely injured is shown by his and an attending doctor's testimony.

The proof of the defendants is of rather unsatisfactory and evasive nature. It appears that they, or some of them, had suspected that Roy Walters, a son of the chief witness, had stolen some property belonging to one or the other of the assailants. They had found him with a knife, which one claimed, and say they were proceeding to the home to search, and for the purpose of locating Roy, who had been with them previously.

They say that when they got to the home, and after Ed Walters had come out and flashed the light, Roy was standing near the fence with a gun. This, coupled with the fact that the elder man had the flashlight, put them in danger, and their actions, whatsoever they may have been, were carried out to avert the danger. They admit an assault with their fists, but deny that they had used or employed pistols. We shall not give further details, since the questions presented do not so require. A reading of the proof shows what appears to have been a brutal and an uncalled for assault, and it is regrettable that the case must be reversed for technical errors.

Appellant contends that the court erred in failing to incorporate in instruction No. 1 the words used both in the statute and indictment "with intent to kill." The words are used in the instruction but not in the proper place. The court instructed that the jury should find defendants guilty if they believed from the evidence to the exclusion of a reasonable doubt that they beat and bruised Walters "with a gun, a deadly weapon, and inflicted wounds," at a time when it was not necessary to strike &c., to protect themselves, or either of them, "guilty of striking with a deadly weapon with intent to kill." The omission of the words "with intent to kill" after the words "a deadly weapon," or at some appropriate place before the advice to the jury to find them "guilty of striking with a deadly weapon with intent to kill," was erroneous. Since the intent is an essential element of the offense denounced by the statute, Keys v. Com., 260 Ky. 465, 86 S. W. 2d 121, it is obvious that the words should have been incorporated at an appropriate place in the instruction.

It is also complained that instruction No. 2, which submitted to the jury their duty to convict if they should conclude that the assault was in sudden heat and passion, an offense denounced by KRS 435.180, was erroneous. We have held that the offense under this statute is not a degree of the one denounced by 435.170(2), Marks v. Com., 223 Ky. 692, 4 S. W. 2d 711; Burgess v. Com., 176 Ky. 326, 195 S. W. 445, and the later case of McIntosh v. Com., 275 Ky. 126, 120 S. W. 2d 1031, in which we held it proper, if circumstances warranted it, to give an instruction on the offense of assault and battery.

The instruction given by the court assumes that the weapon used was a deadly weapon. The question as to its deadly character should have been left up to the jury. In Angel v. Com., 289 Ky. 281, 158 S. W. 2d 640, where weapon used as a club was a pistol, we cited several cases, among them Owens v. Com., 187 Ky. 207, 218 S. W. 719, 720, wherein we wrote:

"The established rule on the subject is that, where the weapon is of such character as to admit of but one conclusion in that respect, the question whether or not it is deadly, within the meaning of the statute, is one of law; but, where the weapon employed is such that its deadly character depends upon the manner and circumstances of its use, the question is one of fact for the jury."

In the Angel case the trial court had assumed, as did the court here, that the weapon was a deadly weapon, and this court reversed in part on the same ground here asserted.

In Stanley's Instructions to Juries there is incorporated a set of instructions apparently taken from the transcript in the case of Alexander v. Com., 216 Ky. 376, 287 S. W. 933. It seems to us that the form, No. 810, may well fit the instant case, with such changes in substance as will be applicable if the two appellants are again tried jointly, noting also that the penalty named in the Alexander case differs from the present penalty, and which was correctly given in the instant case.

The errors noted required that the judgment be and it is reversed, with directions for a new trial consistent with this opinion.