## Jones v. Commonwealth.

October 15, 1946.

J. Milton Luker for appellant.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On the morning of October 10, 1945, John Riddle, 70-year-old deputy jailer of Laurel County, was attacked while turning out Dalton Cornett, a trusty, to assist him in cleaning the jail. As Riddle opened the door to Cornett's cage two prisoners, Elvin Dykes and Fred Jones, the appellant, came out of their cells and jumped on Riddle. Two more prisoners, Murrell Waddell and J. B.

Osborne, came from a cell on the other side of the cage and joined in the attack. Riddle testified that he was struck twice on the head with a bunk chain by Jones. This is denied by Jones and the other prisoners, but the proof shows that Riddle received a big gash and knot on his forehead. Riddle was thrown to the floor and his keys and money taken by Dykes. He was then locked in the cell. The four prisoners went downstairs, freed another prisoner, and, upon discovering they did not have the front door key, Dykes, Jones and two others went back to Riddle and got the key. Jones and three others were arrested that night in a taxi near London, Kentucky. Two days later Waddell was apprehended in Hamilton, Ohio and returned to the Laurel County jail.

Jones, Dykes, Waddell and Osborne were indicted for "unlawfully and wilfully and feloniously confederating or banding themselves together for the purpose of intimidating, alarming, and disturbing or injuring and robbing, John Riddle, and actually did assault and rob the said John Riddle with an offensive weapon."

Dykes and Osborne were granted separate trials. Jones and Waddell demurred to the indictment, which was overruled. They were tried and sentenced to prison for 21 and 5 years respectively.

On this appeal Jones is vigorously arguing that the indictment, the accusatory part of which is quoted above, is fatally defective because of duplicity. He contends also the instructions are prejudicial. Since we agree that the indictment is defective, we will not discuss the propriety of the instructions.

The indictment as drawn charges the offenses prohibited by KRS 437.110 and KRS 433.150. The first statute relates to banding together for an unlawful purpose; the second to armed assault with intent to rob. This is in direct conflict with Section 126 of the Criminal Code of Practice, as amended, which provides that the indictment must charge but one offense, except in certain mentioned instances. Therefore, the appellant's demurrer thereto should have been sustained. Caudill v. Commonwealth, 202 Ky. 730, 261 S. W. 253.

Under the facts disclosed in the record we are of the opinion Jones should be indicted under KRS 433.150.

If, however, the evidence is considered sufficient to prove that he used the chain in such a manner as to constitute a deadly weapon, he may be indicted under KRS 433.140, which relates to armed robbery. Of course, the descriptive part of the indictment may describe the acts, including those showing a conspiracy, which constitute the offense charged. See Sections 122 and 126 of the Criminal Code of Practice; also Ratliff v. Commonwealth, 182 Ky. 246, 206 S. W. 497.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.