# Anglin et al. v. Commonwealth.

April 19, 1949.

E. R. Denney for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE HELM—Reversing.

On January 14, 1948, the grand jury of Rockcastle county returned an indictment against the appellants, Mose Anglin, 20 years of age; Fred Abney, 18 years of age; and Robert Johnson, 16 years of age, charging them with the crime of unlawfully, wilfully, maliciously and feloniously cutting and wounding another with intent to kill.

Appellants were tried together at the April term, 1948, of the court. The jury found each of the appellants guilty and fixed the punishment of each at two years in the state penitentiary.

Appellants filed motion and grounds for a new trial, alleging seven errors of the trial court, ground 3 being "because the court erred in failing to define to the jury a deadly weapon" and ground 4, "because the court erred to the prejudice of the defendants in failing to give the whole law of the case to the jury."

Appellants in their brief say:

"A number of reasons were set out in the motion and grounds for a new trial which were promptly overruled, but in this brief we have concluded to confine our argument to only one of those reasons, namely: 'Because the court erred to the prejudice of the defendants in failing to give the whole law of the case to the jury'."

KRS 435.170 provides:

"Any person shall be confined in the penitentiary for not less than two nor more than twenty-one years who: * * *

16

"(2) Wilfully and maliciously cuts, strikes or stabs another with a knife or other deadly weapon with intent to kill, if the person stabbed, cut or bruised does not die from the wound * * *."

Instructions Nos. 1, 2, 3, 4 and 5 are set out in the bill of exceptions. Instruction No. 1 as given is as follows:

"If the jury shall believe from the evidence in this case beyond a reasonable doubt that in Rockcastle county, and before the finding of the indictment that the defendants, Mose Anglin, Fred Abney and Robert Johnson or any one or more of them did wilfully and maliciously and not in their self-defense cut, stab and wound Ed Baker with a knife, a deadly weapon, on and upon the person of the said Ed Baker but from which cutting, stabbing and wounding death did not ensue, then the jury will find the defendants or defendant guilty as charged in the indictment and fix their punishment at confinement in the penitentiary for not less than two years nor more than twenty-one years in your reasonable discretion."

The trial court omitted from his instruction the words "with intent to kill."

In Head v. Commonwealth, 4 Ky. Law Rep. 824, we said:

"It is not a felony to willfully and maliciously cut and wound another unless 'with intent to kill,' and it was an error to instruct the jury that they could fix the punishment of the accused at confinement in the penitentiary if they believed that he willfully and maliciously cut and wounded another, omitting the words 'with intent to kill'."

In Roberson's New Kentucky Criminal Law and Procedure, section 695, page 900, it is said:

"And, as it is not a felony to wilfully and maliciously cut and wound another unless it is done with intent to kill, omitting from the instructions the words 'with intent to kill' is reversible error."

Also see Delph v. Commonwealth, 300 Ky. 722, 190 S.W.2d 340.

In Stanley's Instructions to Juries, section 811, page 1077, the proper instruction, except as to the period of punishment, is set out. We find no instruction in the record defining a "deadly weapon." Section 843, page 1117, of Stanley's Instructions to Juries sets out the form of instruction defining a "deadly weapon."

From the record it appears that the appellant, Robert Johnson, was only sixteen years of age. The record here does not disclose any proceedings transferring the appellant, Robert Johnson, from the juvenile court to the circuit court. We presume that such proceedings were had, otherwise the trial court would not have had jurisdiction of that appellant.

The only error argued by appellants in their brief is the omission of the words "with intent to kill" from instruction No. 1. The omission of the words "with intent to kill" was a reversible error.

Presumably the other errors pointed out will not occur upon another trial.

The judgments are reversed, with directions for a new trial not inconsistent with this opinion.