**Alton Lee SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

Anthony Wilhoit, Public Defender, Frankfort, Anthea M. Boarman, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

In an indictment under KRS 435.170(2) Alton Lee Smith, an inmate of the state penitentiary, was charged with maliciously cutting or stabbing a fellow convict, with a knife, with intent to kill. He was found guilty of that offense and sentenced to a four-year term of imprisonment. On this appeal from the judgment of conviction his primary contention is that the trial court erred in not giving an instruction on common law assault and battery, which he maintains is a lesser degree of the offense charged.

In support of his argument Smith cites Helton v. Commonwealth, Ky., 244 S.W.2d 762, and Hall v. Commonwealth, Ky., 276 S.W.2d 441, as claimed authority for the unrestricted proposition that assault and battery is a lesser degree of the offense defined in KRS 435.170(2). (He also might have cited Reed v. Commonwealth, Ky., 248 S.W.2d 911; Delph v. Commonwealth, 300 Ky. 722, 190 S.W.2d 340; Williams v. Commonwealth, Ky., 464 S.W.2d 806; and a number of other similar decisions.) What those cases actually hold is that assault and battery is a lesser degree of the offense defined in KRS 435.170(2) where the indictment charges a *striking* with a deadly weapon and there is evidence

that the only offense was a simple *striking*. The holding rests on the proposition that KRS 435.180, which deals with use of a deadly weapon in sudden affray or in sudden heat and passion, does not embrace *striking*, wherefore, in a *striking* case, KRS 435.180 does not define a lesser degree of the offense covered by KRS 435.170(2); therefore, in a *striking* case, assault and battery is a lesser degree of the KRS 435.170(2) offense. But that reasoning does not apply to a *cutting* or *stabbing* case, because KRS 435.180 expressly covers *cutting* or *stabbing* in sudden affray or in sudden heat and passion; so in a *cutting* or *stabbing* case KRS 435.180 does define a lesser degree of the offense denounced by KRS 435.170(2), which eliminates assault and battery as a lesser degree of that offense. The proposition stated in the preceding sentence is exactly what was held in Lewis v. Commonwealth, 156 Ky. 336, 160 S.W. 1061. Therefore, the rule stated in the decisions relied upon by the appellant here, with respect to *striking* cases, *means striking that does not consist of cutting or stabbing*.

■ In the instant case there was no dispute as to the fact that the appellant cut or stabbed the victim with a knife. The only question was the *extent* of the wounds inflicted—whether there were stab wounds or simply superficial scratches or cuts. In any event there was a cutting with a knife, so under the holding in *Lewis* the appellant was not entitled to an instruction on assault and battery.

■ The appellant's second contention is that he should have been granted a new trial on the ground stated in his motion for a new trial that during the selection of the jury one of the prosecuting attorneys displayed in view of the jurors a long homemade knife which was never introduced in evidence or otherwise shown to have relevance to the case. The record shows that immediately after the jury was sworn, defense counsel approached the bench and stated the desire to voice an "objection" with regard to the displaying of the knife. However, counsel did not indicate what kind of relief was sought by the "objection" and did not insist on a ruling. That being the case, the appellant did not properly raise or preserve error. See RCr 9.22; Bell v. Commonwealth, Ky., 473 S.W.2d 820; Arnold v. Commonwealth, Ky., 433 S.W.2d 355.

The judgment is affirmed.

All concur.