## Young v. Commonwealth.

(Decided January 24, 1911.)

### Appeal from Bell Circuit Court.

1. Indictments—Names of Witnesses not Placed at Foot of—Failure to Place Does not Invalidate.—The statute requiring the names of the witnesses to be placed at the foot of the indictment is directory and should be complied with, but a failure to comply with it neither invalidates the indictment, nor prevents the introduction of witnesses whose names do not so appear.

2. Same—Trial of one for Rape—View of Premises by Jury—Refusal of Trial Court to Permit.—Upon the trial of appellant for rape, it does not appear that the trial court abused its discretion in refusing to permit the jury to view the place where the crime was alleged to have been committed. The lower court seems to have been of opinion that it was not necessary, and there is nothing in the record to show that he was wrong in that conclusion.

CHAS. F. HERD, for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, Austin Young, was indicted by the Bell county grand jury for the crime of rape committed on his step-daughter, who was fourteen years of age. If her testimony is true, there can be no doubt of appellant's guilt.

Appellant's first contention is that a demurrer should have been sustained to the indictment because the names of the witnesses were not placed at the foot of-the indictment as required by section 120 of the Criminal Code. There was placed at the foot of the indictment, "Lucile Ross, and others." Lucile Ross was the girl upon whom the crime was alleged to have been perpetrated. The Commonwealth was permitted to introduce witnesses whose names did not appear on the indictment, but it is not shown that they were before the grand jury. This court said, in the case of Dowell v. Commonwealth, 108 S. W., 847, 32 Ky. Law Rep., 1344, that:

"The purpose of this statute is to inform the defendant of the names of his accusors. It is directory, and ought to be complied with. But a failure to do so neither invalidates the indictment nor prevents the introduction of witnesses whose names do not so appear."

Appellant's second contention is that the lower court erred in not permitting the jury to view the place where the crime was alleged to have been committed. It does not appear that the lower court abused its discretion in refusing to allow the jury to view the place. Section 235 of the Criminal Code, provides that when in the opinion of the court it is necessary that the jury should view the place, it may do so. The lower court in this case seems to have been of the opinion that it was not necessary that the jury be carried to the place of the alleged crime in order that it might arrive at a just verdict, and there is nothing in the record to show that the lower court was wrong in this conclusion.

There was no error in the admission or rejection of evidence. Although the testimony is somewhat conflicting and unsatisfactory, we. are of the opinion that there was testimony upon which to base the verdict.

For these reasons, the judgment of the lower court is affirmed.