## Blackburn v. Commonwealth.

(Decided October 12, 1923.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Evidence of Drunkenness Admissible to Show Absence of Intent or Purpose.—Where intent or purpose is an element of the crime charged, evidence of drunkenness is admissible to show absence of intent or purpose.

2. Criminal Law—Instructions to Which Defendant Entitled When Drunkenness Shown Stated.—Where evidence of drunkenness, if true, would lessen the offense, accused is entitled to an instruction on the lesser offense; but, if its effect would be to entitle him to an acquittal, then a specific instruction as to the legal effect of the drunkenness should be given.

3. Homicide—Defendant Not Entitled to Instruction on Drunkenness, When Conviction of Lesser Offense Authorized.—On a trial for shooting with intent to kill, where the evidence would have authorized conviction for shooting in sudden affray and without previous malice, to which charge drunkenness would be no defense, and the court charged on such lesser offense, there was no error in refusing to single out evidence of drunkenness and charge thereon.

4. Homicide—Evidence of Drunkenness Admissible on Trial for Shooting With Intent to Kill, But no Defense to Included Offense. —On a trial for shooting with intent to kill, evidence of drunkenness was admissible to show lack of intent, and to defeat a conviction for the offense charged, but constituted no defense to the included charge of shooting in sudden affray and without previous malice.

5. Criminal Law—Error in Admitting Declaration of Prosecutor Not Prejudicial, When the Fact Otherwise Proved.—On trial for shooting with intent to kill, admission of statement of the prosecuting witness, a few minutes after she was shot, that defendant shot

her, if erroneous, was not prejudicial, where this fact was other-
wise proved by abundant evidence.

ROSCOE VANOVER, L. J. MAY and WILLIS STANTON for ap-
pellant.

THOS. B. McGREGOR, Attorney General, O. A. STUMP, Com-
monwealth's Attorney, W. A. DAUGHERTY and LILBURN PHELPS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirm-
ing.

On an indictment charging him with maliciously
shooting and wounding another with intent to kill, Otis
Blackburn was convicted and sentenced to confinement in
the State Penitentiary for two years and six months. He
has appealed on the ground of error in refusing to in-
struct the jury on his theory of the case, i. e., that he was
too intoxicated to have done the shooting with any intent
whatever.

The evidence for the Commonwealth shows that on a
night in September, 1922, appellant returned to his home,
engaged in an altercation with his wife and fired two
shots at her as she was fleeing from him, one of which
struck her, inflicting a serious wound. He testified that
he was very drunk that night, did not remember shoot-
ing his wife or anything that occurred, and the next morn-
ing, when informed of the shooting, was surprised to
learn of its occurrence, expressed regret, and did what
he could to ameliorate her suffering.

The court directed the jury to find appellant guilty
under section 1166 of Kentucky Statutes if it believed
from the evidence to the exclusion of a reasonable doubt
that he shot Lovina Blackburn with intent to kill; and
also gave an instruction authorizing a conviction of the
lesser offense denounced by section 1242 of Kentucky
Statutes if the jury believed that the shooting was done
in sudden affray or sudden heat or passion without
previous malice. A third instruction gave appellant the
benefit of a reasonable doubt as to his guilt, and also
told the jury that if it found him guilty and had a reason-
able doubt of the degree of his guilt it should find him
guilty of the lesser offense, of shooting in sudden affray.

Appellant does not complain of these instructions, but
he insists that an additional instruction should have been
given to the effect that if the jury believed him to have

been so drunk that he did not know what he was doing it should find him not guilty.

The courts have expressed a variety of views as to the effect of voluntary drunkenness in mitigation of crime. At common law it was no defense whatever, but the rule has been modified in many jurisdictions, where it is held that the fact of voluntary drunkenness is admissible in evidence for the purpose of showing lack of malice or intent. There are many decisions on the subject in this state, and some confusion has resulted from the application of the rule to the different kinds of cases that have arisen. It has been uniformly held that the fact of drunkenness is admissible in evidence to. show absence of malice or intent. In some cases it has been ruled that it is not proper to single out that evidence in an instruction, and in others that an instruction specifically submitting the defense should be given.

A leading case on the subject is Shannahan v. Commonwealth, 8 Bush 463, where it was held on a trial for murder that the fact of drunkenness was a circumstance showing the absence of malice, but it should not be singled out from the other proof and the jury told that it mitigated the offense. To the same effect are Buckhannon v. Comth., 86 Ky. 110, and Wilkerson v. Comth., 88 Ky. 29, both involving a charge of murder. In the latter case it was held that evidence of drunkenness was competent to prove the condition of the accused, "not because intoxication *per se* excuses crime, but because it, with other circumstances, may show an absence of malice. It is admissible in evidence merely as one fact bearing upon the existence or non-existence of that deliberate intent essential to the crime of murder."

In Bishop v. Commonwealth, 109 Ky. 558, in which appellant was charged with murder, it was held, under evidence showing that the accused was drunk at the time of the killing, that he was entitled to an instruction on manslaughter. It will be observed, however, that it was not decided in that case that the evidence of drunkenness should have been singled out and submitted to the jury in an instruction, but that it tended to show lack of malice and therefore authorized the giving of an instruction on a lesser offense included in that charged in the indictment—an offense of which malice was not a necessary element.

In Williams v. Commonwealth, 113 Ky. 652, where the charge was false swearing, the judgment was reversed

because the trial court refused to give an instruction authorizing an acquittal if the jury believed that the accused, at the time the false testimony was given, was too intoxicated to understand his testimony or willfully or knowingly to swear falsely: Similar rulings were made in Terhune v. Comth., 144 Ky. 370, Kehoe v. Comth., 149 Ky. 400, and Mearns v. Comth., 164 Ky. 213.

But in each of the four cases just mentioned the intent or purpose of the accused was an essential element of the offense; and moreover, there was no lesser offense of which the accused might have been convicted in event the jury believed in the non-existence of intent or purpose. In this respect they are dissimilar to the Shannahan and other homicide cases cited. They are also different from the case at bar, for here the charge included offenses of different degrees, and the evidence of appellant tended to reduce the offense to shooting in sudden affray or sudden heat or passion without previous malice, and by reason of that evidence the jury was instructed on the smaller offense. Hence appellant's theory of the case, which rested on the evidence of drunkenness, was presented to the jury, though the evidence on which he relied was not emphasized in the instructions.

None of the cases cited by counsel for appellant goes further than to hold that, where intent is an essential element of the crime, the defense of drunkenness is permissible merely as bearing on the fact of the existence or non-existence of the intent. There is a line of cases, as we have seen, holding that a concrete instruction on the subject must be given if the intent or purpose of the accused is a necessary element of the offense and there is no lesser offense of which intent or purpose is not an element on which the jury could be instructed and of which the accused might be convicted. These are not in conflict with the earlier decisions referred to, nor with Harris v. Commonwealth, 183 Ky. 542, and Graham v. Comth., 200 Ky. 161, which we think announce the correct rule in homicide cases.

It will be seen from the foregoing that where intent or purpose is an element of the crime the fact of drunkenness is admissible to show absence of the intent or purpose, and if the effect of such evidence is to lessen the offense, the accused is entitled to an instruction on the lesser and included offense, but if the acceptance of the evidence would not reduce the offense or tend to

establish a lesser and included offense, but would result in the acquittal of the accused, then a specific instruction as to the legal effect of the drunkenness should be given.

In the case at bar appellant was charged with the offense of shooting with intent to kill. His defense was that he was too drunk to have had such an intention. The court instructed the jury on the original charge and also on an offense of lesser degree included therein of which intent was not a constituent element. The jury was required to find appellant guilty of the lesser offense if it believed that he did the shooting but did not shoot with intent to kill, or, in other words, if it believed that he had established his defense. Furthermore, it was instructed to find the defendant guilty of the lesser offense, that is, shooting in sudden affray, if it had a reasonable doubt as to the degree of the offense that he committed. These instructions included the whole law of the case. The evidence of drunkenness was admissible to show lack of intent and to defeat a conviction under the first instruction, but it constituted no defense to the shooting in sudden affray and without previous malice, on which the jury was instructed solely because of the defense of drunkenness. Therefore the court properly refused the specific instruction on drunkenness.

Complaint is also made of the admission in evidence of the statement of Lovina Blackburn, made within a few minutes after she was shot and while leaving her home, to the effect that her husband had shot her. It is said this evidence was incompetent because it was neither a part of the *res gestae* nor made in the presence of defendant. It is unnecessary to decide whether the statement was competent, for it was abundantly proved that appellant did the shooting, and the admission of this statement was in no sense prejudicial.

The judgment is affirmed. Whole court sitting.