## C. A. and Bryan Goodwin v. Commonwealth.

(Decided May 11, 1926.)

### Appeal from Ballard Circuit Court.

1. Indictment and Information—Indictment for Burning Store, Containing Unnecessary Averments as to Contents and Insurance, Held Good (Ky. Stats., Section 1169).—Indictment under Ky. Stats,. section 1169, for burning store, containing unnecessary averments relative to contents of storehouse and insurance thereon was not bad on demurrer by reason thereof, since such averments might be treated as surplusage.

2. Indictment and Information—Indictment is Not Bad on Demurrer Because Unnecessary Words are Employed, as Objection May be Reached by Motion to Strike.—Indictment is not rendered bad on demurrer simply because unnecessary words are employed where necessary averments are made, as objections thereto may be reached by motion to strike.

3. Indictment and Information—Indictment Charging Ownership of Store Burned in Alternative Not Defective (Ky. Stats., Section 1169; Criminal Code of Practice, Section 128).—Averment in indictment under Ky. Stats., section 1169, that storehouse burned was property of E. G. or C. G. did not render indictment defective, since such allegation is necessary merely to identify crime, and, if allegations as to ownership are made with reasonable definiteness, it was sufficient in view of Criminal Code of Practice, section 128.

4. Arson—Allegation as to Ownership of Property Alleged to have Been Unlawfully Burned Does Not Render Indictment Insufficient if Property is Otherwise Described with Sufficient Certainty to Identify it (Ky. Stats., Section 1169; Criminal Code of Practice, Section 128).—Object of averment in indictment under Ky. Stat., section 1169, as to ownership of property burned is to identify

crime so as to bar second prosecution for same offense, and, under Criminal Code of Practice, section 128, if property is described with sufficient certainty to identify it, the indictment is sufficient.

5. Criminal Law—Conviction Not Reversed Because of Omission of Arraignment where Indictment was Read to Jury in Presence of Defendant and no Objection was Made (Criminal Code of Practice, Sections 154, 155, 340).—Under Criminal Code of Practice, section 340, prohibiting reversal where substantial rights of defendant have not been prejudiced, judgment will not be reversed because of omission of arraignment required by section 155, where indictment was read to jury in presence of defendant, and no objection was made; this being substantial compliance with section 154.

6. Criminal Law—Reference in Evidence in Prosecution for Burning Store Building to Burning of Barber Shop, for Purpose of Showing Facts Concerning Insurance, Held Not Prejudicial, Not Being Introduced to Prove that Barber Shop had Been Burned by Defendant.—In prosecution for burning store building, reference in evidence to burning of barber shop belonging to one of defendants' for purpose of showing that part of insurance had been canceled and other insurance issued held not prejudicial to defendants, not being introduced to prove that barber shop had been burned by defendants.

7. Criminal Law—Refusal to Permit Unqualified Witness to Testify as to Value of Goods in Store Alleged to have been Burned Held Proper, where Other Witnesses had Previously been Permitted to Testify Thereon.—In prosecution for burning store building, refusal to permit testimony as to amount and value of merchandise by witness who was not merchant and not otherwise qualified held proper, where number of witnesses had previously been allowed to testify on the subject.

8. Criminal Law—Instruction, in Prosecution for Burning Store Building, Requiring Jury to Find Defendant Set Fire to Stock of Mer-; chandise to Procure Insurance Held Not Prejudicial to Defendant. —Instruction, in prosecution for burning of store building, submitting question to jury whether defendant set fire to stock of merchantdise in order to procure insurance, held to require jury to believe more facts than were necessary to establishment of guilt and not prejudicial to defendant.

9. Criminal Law—Instruction that Law Presumed Innocence Until Proof of Guilt Beyond Reasonable Doubt, and that it was Jury's Duty to Reconcile all Facts and Circumstances with Such. Presumption and Find Defendants Not Guilty, if having Reasonable Doubt on Whole Case, Held Properly Refused as Argumentative. —Instruction that law presumed innocence of defendants until guilt had been proven beyond reasonable doubt, and that it was jury's duty to reconcile all facts and circumstances with that presumption and to find defendants not guilty if they had reasonable doubt on whole case of defendants having been proven guilty, held properly refused as argumentative.

10. Arson.—Evidence held sufficient to support verdict finding defendants guilty of burning store building.

R. M. SHELBOURNE for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellants, C. A. Goodwin and Bryan Goodwin, were each sentenced to the penitentiary for one year for burning a store on a verdict and judgment of the Ballard circuit court, and they appeal, relying upon several grounds. They demurred to the indictment and now insist that the demurrer should have been sustained "because the indictment charged the defendants with the crime of unlawfully, willfully and feloniously burning a storehouse, while in the body of the indictment they are charged with burning a building and stock of merchandise kept therein," and for the further reason "because the indictment pleads the title of the building in the alternative, C. A. Goodwin or Edna Goodwin, without stating the true owners being unknown to the grand jury or giving any reason for uncertainty."

Appellants were indicted for the crime denounced by section 1169, Kentucky Statutes, reading in part:

"If any person shall willfully and unlawfully burn a powder house . . . storehouse . . . or any house or place where wheat . . . is kept, or any store whatever, or any stack, rick, etc., . . . or other water craft or vessel, or dwelling house or other building, or house upon which there is any insurance or lien, he shall be confined in the penitentiary not less than one nor more than six years."

The house charged to have been burned in this case was a storehouse in the town of Barlow, Ballard county, Kentucky, in which a merchandise business was carried on by C. A. Goodwin. The indictment jointly accuses appellants, with one Jud Goodwin of the crime of "unlawfully, wilfully and feloniously burning a storehouse;" and in the body of the indictment it is alleged that "appellants (naming them) on the 9th of January, 1925, and before the finding of the indictment, did unlawfully, willfully, maliciously and feloniously set fire to a building, one storehouse, and the contents, in the town of Barlow,

which storehouse was the property of Mrs. Edna Goodwin or C. A. Goodwin, and the contents of which storehouse was the personal property of C. A. Goodwin, and in said storehouse there was at the time kept on display for sale goods, wares and merchandise, and upon which goods, wares and merchandise there was carried at the time by the Hodge Bros. fire insurance of $6,000.00, insurance payable to C. A. Goodwin, and upon which building there was carried in the Westchester Insurance Company insurance payable to Mrs. Edna Goodwin in the sum of $2,000.00. It would have been sufficient for the indictment to have accused appellants of wilfully and unlawfully burning a storehouse, the property of Mrs. Edna Goodwin or C. A. Goodwin, and all the averments of the indictment concerning the contents of the storehouse and the insurance thereon, may be treated as surplusage. These averments, however, did not render the indictment bad. More was averred than was necessary, and where the necessary averments are made an indictment is not rendered bad on demurrer simply because unnecessary words are employed. Such an objection may be reached by motion to strike. Neither is the second objection to the indicment that it alleged ownership of the storehouse alternatively, available to appellants. The indictment charges that the storehouse burned "was the property of Mrs. Edna Goodwin or C. A. Goodwin." Such an averment is necessary in an indictment merely to identify the crime and to make certain the accusation against the defendant, and if the allegations as to ownership of property stolen or burned is made with reasonable definiteness it is sufficient. In this case, as was said in the case of Commonwealth v. Napier, 84 S. W. 536, "there is not the slightest difficulty to identify the act. The grand jury knew, as well as did the defendant, what property was intended to be described in the indictment. Section 128, Criminal Code, was intended to modify the rigorous requirement of the common law as to the description of the person or property injured. When an act can be identified there is no danger of a defendant being put in jeopardy twice for the same offense."

The Criminal Code, section 128, was intended to cover such a situation in providing that if an offense involve the commission of, or an attempt to commit an injury to person or property, or the taking of property, and be described in other respects with sufficient certainty to identify the act, an erroneous allegation as to

the person injured or attempted to be injured, or as to the owner of the property taken or injured or attempted to be injured, is not material. The object of such an averment in the indictment is to identify the crime so as to bar a second prosecution for the same offense, and if the property burned is described with sufficient certainty to identify it and to thus bar a second prosecution against the defendant for the same crime, it will be sufficient. McClanahan v. Commonwealth, 197 Ky. 457; Hennessy v. Commonwealth, 88 Ky. 301; Lowery v. Commonwealth, 191 Ky. 657. The demurrer to the indictment was properly overruled.

Appellant next complains that there was no arraignment of appellants as required by section 124 of the Criminal Code. This question was first brought to the attention of the trial court by motion and grounds for new trial, no motion or objection being made or entered by appellant at the time of the omission of the arraignment. Section 155 of the Criminal Code provides that the arraignment shall only be made in felony cases, and may be dispensed with by the court with the appellant's consent. An arraignment is the reading of the indictment by the clerk to the defendant, and asking him if he pleads guilty or not guilty to the indictment. Section 154, Criminal Code. We have held in the case of Galloway v. Commonwealth, 5 Ky. L. R. 213, that if the indictment is read to the defendant and his plea entered at any time before the Commonwealth closes its evidence, it will be sufficient. The purpose of the provision of section 154 of the Criminal Code, requiring the indictment to be read and the plea of the defendant entered, is to inform the jury at the very inception of the case of the nature of the charge and the plea of the defendant thereto, and that when this is substantially done, although the Code is not literally followed, it will not amount to reversible error. In the case of Utterback v. Commonwealth, 105 Ky. 723, we held that the reading of the indictment to the jury by the Commonwealth's attorney in the presence and hearing of the defendant is a substantial compliance with section 154 of the Criminal Code. The bill of exceptions in this case shows that the indictment was read by the Commonwealth's attorney to the jury in the presence and hearing of the defendant at the inception of the trial. There was no objection made by appellant to the mode of procedure, and he through counsel made a full statement of the facts on

which he relied for acquittal, thus joining issue with the Commonwealth, the plea to that extent being oral. Certainly appellant could not have been prejudiced by the mode of procedure followed by the court in this case with respect to arraignment. Unless he was prejudiced in his substantial right he is not entitled to a reversal of the judgment. It is expressly provided by section 340 of the Criminal Code that this court shall not reverse the judgment in a case like this where the court is satisfied that the substantial rights of the defendant have not been prejudiced. This section has been upheld and so construed in a very long line of cases, beginning as far back as 14 Bush and 1st Ky. Law Reporter and extending up to and including 212 Ky. 303.

Appellants complain that the trial court allowed the Commonwealth to introduce evidence concerning the burning of a barber shop of appellant, C. A. Goodwin, shortly before the burning of the other building, and they cite in their brief an example of how the burning of the barber shop was proven. This evidence amounts to no more than a mere reference to the fact that the barber shop was burned, the question being, "How long was that after the barber shop was burned? A. I do not remember just how long it was." Other questions along this line were objected to and the objection sustained by the court. The Commonwealth was only attempting to show that there was insurance on the store building which was charged to have been burned by appellant and that the insurance agent, the witness on the stand, had canceled some of the insurance of appellants and had issued other insurance. This could not have been prejudicial to appellants, and does not come within the rule announced in Raymond v. Commonwealth, 123 Ky. 368. In the Raymond case the charge was that the defendant had burned a building in order to get even with the owner for having burned a building of the defendant. There was no evidence that the witness in that case had burned the building of the defendant, but the Commonwealth wanted to show the fact that the witness had lost the building, and raised a suspicion in the mind of the jury that the building had been burned by defendant in order to get even with the witness for a like burning. Here no such thing was intended and the evidence was not introduced to prove, nor did it tend to establish, the fact that the barber shop had been burned by appellants or either of them.

Another complaint is made by appellants of the refusal of the court to allow them to prove by the witness, Freeman, the amount and value of the merchandise in the store at Barlow. Freeman was not a merchant and was not qualified so far as the record shows to speak concerning the value of the merchandise in a storehouse. When the objection to Freeman's testimony was sustained counsel for appellant made an avowal that the witness would state that the merchandise in the store house of Goodwin at the time the examination was made was of the value of $10,000.00. This could not have been competent unless it had been further proven that the witness was acquainted with the mercantile business and with the value of such merchandise. A number of witnesses had already been introduced upon the subject and the court allowed them to testify. It was within the power of the court to reasonably limit the number of witnesses which a party may introduce upon a subject like the value of a stock of goods, and having allowed appellants to call several witnesses upon the subject and as fully as many as were called upon the side of the Commonwealth, we can see no error in the court declining to allow a witness to testify who was not shown to be qualified to speak upon the subject.

Appellants complain that instruction No. 1, given by the court to the jury, was erroneous in that it submitted to the jury the question of whether the defendants set fire to the stock of merchandise in order to procure insurance thereon. In this respect the instruction was erroneous but not prejudicial, because it required the jury to believe from the evidence beyond a reasonable doubt an additional fact not necessary to a conviction. Had the court required the jury to believe less than the necessary facts to constitute the crime of store burning, appellants would have good ground of complaint, but not in a case like this where the court inadvertently required the jury to believe from the evidence beyond a reasonable doubt more facts than were necessary to the establishment of their guilt before the jury could return a verdict of guilty.

Instruction No. "X," offered by appellants, was an argument in favor of the innocence of the accused and should never be given by a court to a jury, as has often been said by this court. It was sufficient for the court to say to the jury: "If you have a reasonable doubt from

the evidence that either of the defendants, C. A. Goodwin or Bryan Goodwin, have been proven to be guilty then you will find him not guilty, and if such doubt applies to both defendants, you will find both of them not guilty;'' and, it would have been improper for the court to have instructed the jury as requested by appellants that the law presumes the innocence of the defendants until their guilt has been proven beyond a reasonable doubt, and it is your duty, if you can reasonably do so, to reconcile all facts and circumstances proven in the case with that presumption, and if upon the whole case you have a reasonable doubt of the defendants having been proven guilty, you should find them not guilty.'' We have so held in the cases of Brown v. Commonwealth, 198 Ky. 663; Mickey v. Commonwealth, 9th Bush 593; Minniard v. Commonwealth, 158 Ky. 210; Clary v. Commonwealth, 163 Ky. 48; Commonwealth v. Stites, 190 Ky. 402.

Appellants' main contention is that the evidence introduced by the Commonwealth does not prove their guilt beyond a reasonable doubt, and the jury should have been instructed to find and return a verdict of not guilty. A careful reading of the evidence, all of which is circumstantial, makes it a close case upon the facts, but the jury was the sole judge of the credibility of the witnesses, and the weight to be given to the evidence, and if there was evidence sufficient to sustain the charge in the indictment, even though there was much evidence on the other side to sustain the *alibi* pleaded and relied upon by appellants, yet we are not authorized to disturb the verdict unless it is flagrantly against the weight of the evidence. The store building was burned about three o'clock in the morning of November 25th. Appellant, C. A. Goodwin, had been operating a store in that building for some time, carrying a large stock of goods. Before the fire a large part of the goods was removed by appellants from the building at nighttime. A Ford truck and a Ford coupe were employed to carry the merchandise, some of which was taken across the river into the state of Illinois, and other parts of the stock were carried to different points in Kentucky and concealed, and other parts were shipped to Washington. Some two or three weeks before the fire appellants were boxing up goods at night in their store-house and secretly carrying them away in the truck and automobile. Several witnesses testified to this. Several thousand dollars' worth of goods belonging to the store

were found at different hiding places and identified as part of the stock of appellant, C. A. Goodwin, which was formerly in the building which was later burned. Appellants contended that on the night of the fire they were not about the store building, but the Commonwealth introduced witnesses who testified, in substance, that blinds were put up over the windows of the store for the first time on the night of the fire and only a short time before the alarm was given; that there were persons in the store with lamps; that electric lights were turned off and some lights, presumably lamps or candles, were employed; that about the time the fire started one of the appellants was seen about the building. Appellant, C. A. Goodwin, contends that he had been sick with flu the day before the fire and was unable to be at the store except for a few minutes, while appellant, Bryan Goodwin, insists he was out of the state and had been for two or three days, and did not return until after the fire. There was evidence to show that Bryan Goodwin was in the town of Barlow about nightfall before the fire and was later seen in town on that night. There is also evidence to prove that appellant, C. A. Goodwin, was at the store on the day and evening immediately preceding the fire. Of course, no witness testified that he saw appellants, or either of them, set fire to the building, or saw them, or either of them, do anything which might have caused the conflagration, but the fact that they had taken out the stock of goods and that some one was in and about the store late at night with the lights turned out except for candles and lamps, were strong circumstances, warranting the jury in concluding that appellants had fired the building. It hardly ever happens in an arson or store burning case that a witness is produced by the Commonwealth who can say that he saw the defendant set fire to the building, but circumstances alone are generally relied upon to support the charge, and it is not infrequent that the circumstances, as in this case, are so strong and overwhelming as to leave no doubt of the guilt of the accused. There was evidence heard warranting the verdict returned by the jury, and we feel that we would be invading the province of the jury if we should say in the face of all the evidence produced by the Commonwealth, that the verdict is flagrantly against the weight of the evidence.

Judgment affirmed.