### Volz v. Commonwealth.

(Decided November 18, 1930.)

JOHN T. MURPHY for appellant.

J. W. CAMMACK, Attorney General, and D. C. VEST for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was tried on an indictment charging him with the malicious shooting and wounding of his wife. He was convicted and his punishment fixed at two years in the penitentiary. The only complaint he makes on this appeal is that he was entitled to an instruction on the lesser offense of shooting and wounding in sudden affray or sudden heat and passion and without previous malice. He contends that the evidence showed that he was drunk, and that this evidence required the giving of such an instruction.

It is contended by the Attorney General that drunkenness is a relative term, and to mitigate a crime the evidence must be such as to show that the accused was incapable of forming an intent. That may be true, but it is a question for the jury under the evidence whether the crime was willfully and maliciously committed. In this case the evidence strongly tends to show that appellant was very drunk at the time he shot his wife. The recent case of Blackburn v. Com., 200 Ky. 638, 255 S. W. 99, is one where this court went into the question at great length. It was also a case where a man shot his wife and defended on the ground that he was drunk at the time, and insisted that he was entitled to an instruction allowing the jury to find him guilty of the lesser offense. Under the authority of that case we find that appellant was entitled to such an instruction in this case.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.