## Conley v. Commonwealth.

(Decided May 10, 1938.)

C. F. PACE for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Harry Conley has been convicted and sentenced to imprisonment for five years for detaining a woman against her will and is appealing.

The prosecuting witness, Elva Patrick, a girl about fourteen years of age, and Gracie Patrick, a girl companion about eighteen years of age, started out from their home at Garret, Ky., on a hitch-hiking tour, going through Paintsville and Ashland and other intermediate points to Portsmouth, Ohio. On their return they were picked up at Paintsville by appellant and others who were driving a truck, under promise to take them to Prestonsburg, but instead of going to Prestonsburg they were taken to the home of Harry Conley or to the home of one of his sisters, where they stayed for an hour or so. According to the evidence of the prosecuting witness and her companion, they were insisting that they start on to Prestonsburg, but Conley made

excuse that he wanted to find his boss to get some money, and they drove around to different places in the community until after dark, when the alleged detention is said to have occurred. No claim is made that the evidence was not sufficient to support the verdict of the jury, and in fact none could consistently be made. The evidence of the prosecuting witness as to what occurred and the evidence of others as to acts, conduct, and conversation of appellant immediately following the alleged detention clearly made out a case for the jury and was sufficient to support the verdict. Therefore, since there is no challenge to the sufficiency of the evidence, it will be unnecessary to go into further detail except in so far as necessary in disposing of the ground relied on for reversal.

The only ground argued for reversal is that the court committed prejudicial and reversable error in admitting evidence of other crime over the objection of appellant. Gracie Patrick testified in substance that immediately after appellant's misconduct toward Elva Patrick he made an attack on her and said: "You know what you are into now, don't you?" That he caught hold of her and was using his pistol in a threatening manner, and that when another truck came by and at her solicitation was about to stop, the driver was threatened and told to drive on, which he did. The occupants of the truck and of another automobile that passed at the same time testified that they saw appellant and Gracie Patrick near the truck and the latter called to the driver to stop; that the driver was threatened and told to drive on; that they also saw Elva Patrick running away from the scene crying and calling for aid.

Counsel for appellant sets forth in his brief the following that occurred on the direct examination of Gracie Patrick immediately after she had detailed appellant's mistreatment of her.

"Q. 14. What did he do to you?

"By the court. Did he have intercourse with you at that time?

"Counsel for defendant moves to exclude the answer from the consideration of the jury. And moves the court to set aside the swearing of the jury, and the case to be continued.

"By the Court: Overruled.

"Q. 15. How many times did he have intercourse with you?

"Counsel for defendant objects. Objection sustained.

"Q. 15. Did that occur there at the truck, where you was at when Elva got away? A. It did."

After the admission of the foregoing testimony, the appellant moved the court to set aside the swearing of the jury and to continue the case, which motion was overruled and the testimony allowed to go to the jury.

It is complained in brief that the court permitted the witness to state that appellant had had intercourse with her; but as will be noted, the witness made no such statement in reply to the questions propounded to her and merely replied that what she detailed as occurring occurred at the truck when Elva got away. As will be seen from the evidence, appellant's attack upon the two girls was practically simultaneous. The rule contended for by appellant that crimes other than that for which one is being tried are, generally speaking, inadmissible, is too well recognized to require citation of authority, but there are equally well-established exceptions to that general rule.

In Sneed v. Commonwealth, 236 Ky. 838, 34 S. W. (2d) 724, this court, after setting forth the general rule and exceptions thereto, held (page 727) that evidence relating to other offenses may be admitted to establish "(1) identity; (2) motive; (3) intent; (4) guilty knowledge; (5) a plan, system, or scheme of perpetrating crime; (6) to cover up previous crime or the evidence of a crime for which he is at the time being tried; (7) or a crime, the proof of which is so interwoven as to be inseparable from the crime for which he is being tried, that the evidence of the two acts cannot be separated." See, also. Deboe v. Commonwealth, 257 Ky. 792, 79 S. W. (2d) 236; Hilger v. Commonwealth, 254 Ky. 117, 71 S. W. (2d) 9; Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) 592. When objection was made to the evidence of Gracie Patrick as to what appellant did and said to her, the court properly admonished the jury as to the purpose for which it was admitted and how it was to be considered by them. It is manifest that the evidence complained of was admissible for one or more of the purposes recited in Sneed v. Common-

wealth and no error was committed by the court in its admission.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.