## CRAVENS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Nov. 20, 1953.

John W. Coomes, New Castle, Funk, Chancellor & Marshall, Frankfort, for appellant.

J. D. Buckman, Atty. Gen., Wm. Simpson, Asst. Atty. Gen., J. P. Hanrahan, Frankfort, for appellee.

COMBS, Judge.

Everett Cravens has appealed from a sentence of seven years' confinement in the penitentiary for maliciously shooting and wounding Jesse Clark. KRS 435.170. Seven grounds are assigned for reversal, but we will refer in this opinion only to those grounds which we think have sufficient merit to justify discussion.

The shooting occurred in "Tommy and Emma's Place" in the "Craw" section of Frankfort. Cravens, who lives in Henry County, had come to Frankfort with four male companions in search of amusement. They went first to the "Club Rendezvous" and later to "Tommy and Emma's Place", arriving there around 10 o'clock at night. Shortly after the arrival of Cravens and his friends, a brawl broke out between them and other patrons of the tavern. During the melee some five pistol shots were fired by a person standing near the door of the tavern. Jesse Clark and Willard Riddle, employees of the tavern, were wounded. Riddle's wound was superficial but Clark received a head wound which has permanently incapacitated him.

■ It is argued that Cravens was not sufficiently identified as the perpetrator of the crime to warrant submission of the case to the jury. We note, however, that Cravens was identified by at least three witnesses as the person who fired the shots. Clearly the question of identity was one for the jury.

■■ Complaint is also made of the instructions. The court gave an instruction on malicious shooting and wounding, KRS· 435.170, and shooting in sudden affray, KRS 435.180. We find no error in these two instructions. Although some contention is made that there was no showing of malice the evidence was such that the jury were fully justified in inferring malice. Crabtree v. Commonwealth, 227 Ky. 65, 11 S.W. 2d 1000; Volz v. Commonwealth, 236 Ky. 88, 32 S.W.2d 714.

■ Instruction No. 3 given by the court authorized a finding of guilty·if the defendant shot and wounded Clark as a result of the reckless and wanton handling of a pistol. This instruction apparently was intended to cover the common law offense of assault and battery with a firearm, the pen-

alty for which is imprisonment in jail for not exceeding 12 months, or a fine not exceeding $5,000, or both. KRS 431.075. The penalty set out in the instruction, however, is the statutory penalty for flourishing a deadly weapon—imprisonment for not less than 10 nor more than 50 days, or a fine of not less than $50 nor more than $100, or both. KRS 435.200. If it should be conceded that instruction No. 3 is erroneous, we fail to see how it was prejudicial to the defendant. The jury not only found Cravens guilty of malicious shooting and wounding, but fixed his sentence at more than the minimum for that offense. Obviously, therefore, a correct instruction on assault and battery would have been of no benefit to him. Riggs v. Commonwealth, 33 S.W. 413, 17 Ky.Law Rep. 1015.

It is insisted that Cravens was entitled to an instruction on self-defense. He denied firing the shots and there is no evidence that they were fired in self-defense. Consequently, an instruction on self-defense was not necessary.

Complaint is also made that Jesse Clark was called to the witness stand, although as a result of paralysis and mental incapacity resulting from his wound he was unable to shed any light on the shooting. Counsel cites no authority in support of his position on this point, and we know of none. Such matters are within the discretion of the trial court.

It is argued also that the court erred in failing to grant a continuance due to the absence of a witness for the defense. Again, this was a matter within the trial court's discretion and we note that the court permitted to be read to the jury the defendant's affidavit as to what the witness, if present, would state. This was a full compliance with Criminal Code of Practice, § 189.

Although the bill of exceptions fails to show the defendant was formally arraigned, it also fails to show that any objection was made to this omission. It is shown by the record that the defendant was present for trial and was represented by counsel; also that the indictment was read to the jury by the Commonwealth's attorney. It has been held that the failure to formally arraign a defendant in such circumstances is waived in the absence of an objection by him. Goodwin v. Commonwealth, 214 Ky. 422, 283 S.W. 420.

We find no error in the record which could have prejudiced the defendant's substantial rights.

The judgment is affirmed.