Demas **MORGAN**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1958.

Stanley Powell, Berea, for appellant.
Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Demas Morgan was convicted of the offense of carrying concealed a deadly weapon in violation of KRS 435.230(1) and sentenced to serve three years and a day in the state penitentiary. He appeals, urging two grounds for reversal:

(1) Incompetent evidence was permitted to be introduced over his objection concerning the alleged commission of another crime.

(2) A group of grade and high school children in attendance at the trial was introduced to the court and jury and received an ovation from those present in the courtroom.

The first witness for the Commonwealth, J. C. Griffin, testified that on the day in question he was proceeding by automobile with his wife toward his father's home. He had been squirrel hunting on his father's farm and, approximately a quarter of a mile from the latter's residence, he encountered Morgan who was on foot near a bridge. This witness stated that Morgan "came out from the forks on the road or from under the bridge and throwed a pistol down on me and told me to stop or he would kill me." Griffin ignored him and kept traveling.

Claud Griffin, the father of J. C. Griffin and another witness called by the Commonwealth, testified Morgan came up by the side of his house about 2:30 in the afternoon and stopped in front of it some forty feet away. Presently a school bus with a load of children came down the road toward him and Morgan jumped out in the road and flagged it down. According to Claud Griffin, the bus came to a standstill, the driver of it, Rex Coffey, conversed with Morgan momentarily, and then Morgan was seen to take a pistol out of his right front pocket and point it at Coffey. After this Morgan got in the bus and Coffey drove off.

Rex Coffey, the driver of the school bus, testified Morgan waved him down and he stopped. Coffey said Morgan first inquired if his son Jerry was on the bus and upon being told that he was then wanted to hitch a ride. From this point we quote the exact language of Coffey as to what next transpired. He testified: "* * * I says, I'm loaded, I've not got any room and he come out with a gun and he says, 'by God this .45 says I'll ride it,' and I says, I guess you will, * * *". Coffey said the pistol was concealed until Morgan "pulled it out."

Morgan admitted stopping the bus and asking for a ride but he denied that he ever had the pistol concealed. He stated he carried the pistol in his hand at all times. However, he added: "Occasionally I might have dropped it in my pocket."

It is first argued that J. C. Griffin's testimony to the effect that Morgan flourished his pistol at him threateningly, a quarter of a mile from the place where it was testified he was observed carrying a deadly weapon concealed, injected a distinctly different crime into this case from that lodged against him here. See KRS 435.200. We believe this testimony of this witness, although it was objected to and the objection sustained, was admissible as material evidence in this case.

Ordinarily, in the prosecution of the accused for one offense evidence of the commission of another criminal deed may not be introduced. Still, this general rule may be invoked only in an instance where the offense alleged and the other one offered to be shown are quite distinct and are separated by a clear line of demarcation. The

general rule does not apply where the infraction of the law under investigation is of such a nature that it may consist of several stages or continuous acts, all constituting one transaction. While the prosecution is not privileged to show unconnected and isolated unlawful conduct that has no bearing whatsoever upon the crime under scrutiny, yet all the circumstances may be shown which have a relation to the particular violation of the law imputed, even if, in doing so, other offenses may be brought to light. See Gadd v. Commonwealth, 305 Ky. 318, 204 S.W.2d 215; Roberts v. Commonwealth, 284 Ky. 365, 144 S.W.2d 811; Conley v. Commonwealth, 273 Ky. 486, 117 S.W.2d 189. We conclude that J. C. Griffin's testimony is fully competent for the reason that the initial act of flourishing the pistol in a menacing manner is closely followed by that of producing it from the pocket where it had been concealed, as testified to by other witnesses, so that the two acts form one pattern of criminality.

One of the grounds assigned below for setting aside the judgment and granting a new trial was that a considerable number of pupils from two different county schools assembled in the courtroom and it is asserted they were "introduced to the court and jury and received a great ovation from all present." It appears the motion and grounds for a new trial were incorporated into the bill of exceptions and we should add that this fact gives this alleged error the stamp of authenticity. However, the record discloses no objection of any character was interposed to this demonstration. Because proof is lacking, we can only speculate as to the bearing this incident had on the trial.

It is an elementary rule of criminal procedure that an error not brought to the attention of the trial judge and not preserved by an exception to his ruling is not reviewable on an appeal to this Court. See Ramsey v. Commonwealth, Ky., 267 S.W.2d 730; Warren v. Commonwealth, Ky., 256 S.W.2d 368. Here we are confronted with the fact that Morgan did not resort to the proper measure to enable us to deal affirmatively with the error of which he complains.

Wherefore, the judgment is affirmed.