Donald "Red" CUMMINS et al., Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.
March 17, 1961.

Joseph A. Montgomery, Somerset, Brown, Sledd & McCann, William H. McCann, Lexington, for appellants.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellants, Donald "Red" Cummins, Paul Cummins, and Leland Bell, were jointly indicted, tried and convicted in Pulaski Circuit Court for the crime of willfully and maliciously shooting another with intent to kill. The jury fixed punishment of Donald "Red" Cummins at ten years in the State penitentiary, Paul Cummins at five years, and Leland Bell at two years. From a judgment pronounced upon the verdict, and the order of the court overruling motion and grounds for a new trial, they have appealed.

Appellants urge several grounds for reversal, none of which has merit except the objection to the instructions. The court instructed on the offense of willful and malicious shooting and wounding with intent to kill (KRS 435.170). No instruction on the lesser offense of shooting and wounding in sudden affray or heat and passion without previous malice was given (KRS 435.-180).

The proof shows that Lawrence Spears was injured by a blast from a shotgun which was fired from a black and yellow 1954 Buick automobile. The occupants of the automobile were not identified. The appellants were seen in a black and yellow 1954 Buick automobile before the time the shooting occurred and soon thereafter. Donald "Red" Cummins stated before witnesses that he had shot Lawrence Spears and believed that he had killed him. The appellants were said to have been drinking and were "all pretty well drunk."

In a criminal case it is the duty of the court to instruct on the whole law of the case, which requires instructions applicable to any state of case which is deducible from or supported to any extent by the testimony. Stanley's Instructions to Juries, volume 3, section 760. Intoxication usually is not a defense to a crime, but intoxication may render a person incapable of possessing malice to the extent necessary for a conviction under the statute denouncing willful and malicious shooting. Lee v. Commonwealth, Ky., 329 S.W.2d 57. The difference between willful and malicious shooting and wounding with intent to kill and shooting and wounding in sudden affray or heat and passion without previous malice is one of intent. In Blackburn v. Commonwealth, 200 Ky. 638, 255 S.W. 99, 100, it was said:

"* * * where intent or purpose is an element of the crime the fact of drunkenness is admissible to show absence of the intent or purpose, and if the effect of such evidence is to lessen the offense, the accused is entitled to an instruction on the lesser and included offense, * * *"

Here there was evidence that the appellants were intoxicated, and, consequently, were entitled to an instruction on the lesser offense.

■ One portion of the instructions described Leland Bell and Paul Cummins as "being present at the time and place." There was no direct testimony placing those appellants there at the time and place, and, consequently, it was error on the part of the court to assume a fact that was actually in dispute.

The judgment is reversed.