. **Joe HOPKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

J. Ervin Sanders and Sanders & Redwine, Pikeville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Thomas B. Ratliff, Pikeville, for appellee.

PALMORE, Judge.

Joe Hopkins has been convicted and sentenced to two years' imprisonment on an indictment for carrying concealed a deadly weapon. KRS 435.230. The principal ground of his appeal is that he was prejudiced by the trial court's refusal to grant him a continuance.

The indictment was returned on November 13, 1963. On November 18, 1963, an order was entered forfeiting his bail bond for failure to appear. On December 30, 1963, judgment was entered on the bond forfeiture, and at the same time Hopkins applied for and was admitted to bail on another bond. This application was made in his behalf by Hon. J. Ervin Sanders, an attorney. The next entry in the record is a motion for continuance made on April 7, 1964, and signed by Mr. Sanders. It recites

that the trial was set for April 15, 1964, and asks a continuance until the next term of court. The ground for continuance had to do with some impropriety in the selection of jurors for the April term of court. On the same day, April 7, 1964, the motion was sustained and the case continued until the next term.

The case was called for trial on May 18, 1964, at which time Hopkins again moved for a continuance, and at this juncture we must rely for information on the contents of his verified motion, since the Commonwealth did not submit a counter-affidavit. It appears that there were three other indictments pending against Hopkins, two of which had grown out of the same circumstances as the concealed weapon charge and the other (for storehouse breaking) had been returned some time earlier. All four were set for trial on the same date. The Commonwealth elected to try the concealed weapon case, whereupon Hopkins moved for a continuance on the ground that he had assumed the storehouse breaking case (Indictment No. 137) would be tried first and was not prepared to go to trial on the concealed weapon charge (Indictment No. 263).

The verified motion for continuance recites that Hopkins had never employed and was unable to employ counsel to defend him on indictments 262, 263 and 264, but had employed and paid him only in connection with indictment 137; that his father, McKinley Hopkins (surety on his bail bond), had employed Mr. Sanders to file his application for bail and previous motion for continuance; that he had not caused his witnesses to be subpoenaed; that in the event of a continuance George David Hopkins and Mick Johnson would appear as witnesses and substantiate his defense that in view of the size of the pistol he was carrying at the time of the alleged crime it would have been physically impossible to conceal it in his pants pocket as charged by the prosecution witnesses; and that the reading of the affidavit would not have the same effect as if the witnesses were present in court.

It is recited also in the motion that the court proceeded to appoint Mr. Sanders to defend Hopkins and gave him less than an hour to get ready.

The lawyer who had been "employed and paid" to represent Hopkins on indictment 137 was the same Mr. Sanders who on April 7, 1964, signed his motion for a continuance on indictment 263 "until the next term of court." We cannot hear him say now that he was not really representing Hopkins in this case. It is not that we question his word, for we know his integrity, but the orderly process of justice forbids such an imposition on the trial court. If Mr. Sanders was not Hopkins's lawyer in this case he should not have signed his papers. If he did not in April expect the case to be tried at the next term he should have asked a continuance until some other time, or moved that the Commonwealth be required to elect sufficiently far in advance to enable defendant to prepare accordingly. Otherwise, the trial court was entitled to presume he would be ready in each of the cases set for trial. And if he was not ready the fault must be held his own.

Each case of this sort must be decided on its own peculiar facts. None of the decisions cited in the briefs are sufficiently similar to be dispositive. It is our opinion that in this instance the defendant and his counsel had ample and reasonable opportunity to prepare for trial and that the trial court did not abuse its discretion in refusing to grant a further continuance.

It is contended also that the evidence was not sufficient to support the conviction, but the case is so clear that no useful purpose would be served by discussing the question.

A further point is made to the effect that in proving the commission of the offense charged the Commonwealth was permitted to show facts which may have constituted another crime (e. g., assault and battery, flourishing a deadly weapon, etc.). However, nothing was permitted to be shown

that was not an integral and necessary incident to proving the main charge, and the jury was duly admonished. Cf. Morgan v. Commonwealth, Ky., 310 S.W.2d 281 (1958).

The judgment is affirmed.