Wayne ROSE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 23, 1966.

Paul E. Hieronymus, McKee, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Wayne Rose was convicted of maliciously and willfully cutting and wounding Hansel Clemmons with the intent to kill in violation of KRS 435.170(2). He was sentenced to two years' confinement. He urges on appeal that he was entitled to an instruction that he was too drunk to possess the specific intent required under the statute.

Clemmons testified that appellant started a fight with him, stabbed him three times in the chest with a knife, and appeared to be drinking. There had been no previous trouble between them. Other witnesses testified that appellant appeared to be drunk or drinking. Appellant said that he was so drunk he did not remember anything that happened between him and Clemmons.

The jury was instructed under KRS 435.170(2), maliciously cutting and wounding, and also under KRS 435.180, cutting and wounding "in a sudden affray or in sudden heat and passion, without previous malice." The latter offense is a degree of the offense denounced by KRS 435.170 in so far as they both deal with cutting and wounding. Gillum v. Commonwealth, Ky., 121 S.W. 445; Lewis v. Commonwealth, 156 Ky. 336, 160 S.W. 1061.

The giving of such instructions has been expressly approved when the accused claimed drunkenness as a defense. Volz v. Commonwealth, 236 Ky. 88, 32 S.W.2d 714; Cummins v. Commonwealth, Ky., 344 S.W. 2d 611. In Blackburn v. Commonwealth, 200 Ky. 638, 255 S.W. 99, quoted with approval in Cummins, it was said:

"* * * where intent or purpose is an element of the crime the fact of drunkenness is admissible to show absence of the intent or purpose, and if the effect of such evidence is to lessen the offense, the accused is entitled to an instruction on the lesser and included offense, * * *."

For further discussion see Roberson's Criminal Law, Section 59, pages 82b–84;

DeBerry v. Commonwealth, Ky., 289 S.W.2d 495, cert. den. 352 U.S. 881, 77 S.Ct. 105, 1 L.Ed.2d 81; and authorities cited therein.

Under the authorities so cited, drunkenness does not excuse the doing of the criminal act in this type offense but may serve to reduce the degree of the offense. A distinction is made between cases "wherein a felonious intent must be shown to constitute the offense and those cases where the act done constitutes the offense." Terhune v. Commonwealth, 144 Ky. 370, 138 S.W. 274. The instructions given were adequate.

Judgment affirmed.